🍑 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA

**SUCV2022000310**
MHM
**MAY 03, 2022 04:22 PM**

*Stacie M Baines*
Stacie M. Baines , Clerk
Polk County, Georgia

IN THE SUPERIOR COURT OF POLK COUNTY
STATE OF GEORGIA

YASMINE FOSTER

CHADWICK THOMPSON JR.

   Plaintiffs,

    vs.

DANNY KEITH STREETMAN in his
capacity as a of POLK COUNTY, GA. police
officer and Individually, and
JOHN DOE (1-3) Officers or other Defendants
unknown to the Plaintiffs at the time of this
filing.

      Defendant

CIVIL ACTION FILE
No.:_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## PLAINTIFFS' COMPLAINT FOR RELIEF

COMES NOW, YASMINE FOSTER and CHADWICK THOMPSON, JR. Plaintiffs in
the above-styled action and hereby files their Complaint against this Defendant showing this
Honorable Court the following:

### PRELIMINARY STATEMENT

This is an action pursuant to 42 U.S.C.*1983 for deprivations of Federal and State
constitutional rights secured to the Plaintiffs by the Fourth Amendment and Fourteenth
Amendment to the United States constitution and for Georgia state laws claims arising out the
same conduct and circumstances.

### JURISDICTION AND VENUE

1.

This Court has jurisdiction pursuant to 28 U.S.C. *1331 AND *1343(a) (3), as the Federal claims are brought under 42 U.S.C. *1983. Venue is proper pursuant to 28 U.S.C. *139(b), as all or some of the parties reside in the Northern District of Georgia and the events giving rise to the claims occurred in this District. The Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. *1367(a), as the claims arise out of the same nucleus of operative facts.

<u>THE PARTIES</u>

2.

The Plaintiffs, Yasmine Foster and Chadwick Thompson, Jr, are black citizens who at all times relevant to the claimed incident, resided in Northern District of Georgia, Polk County; who at all times enjoyed the rights enumerated under the constitutions of Georgia and of the United States.

3.

Defendant Danny Keith Streetman at all times relevant to the claimed incident was employed as a police officer for Polk County, Georgia. At the time of the claimed injuries he was acting under color of State law, and within the scope of his employment with Polk County Police Department.

4.

When the Defendant is served with a copy of the Plaintiffs' complaint, he becomes subject to this Court.

<u>FACTS COMMON TO ALL COUNTS OF THE COMPLAINT</u>

5.

On September 7, 2019, the named Plaintiffs, Destiny Morgan and a number of friends were at 2565 Cartersville Hwy Lot 18;

6.

An issue between Destiny Morgan and Plaintiff Yasmine Foster about Plaintiff Yasmine's baby caused Destiny Morgan and Yasmine Foster to get into a heated argument. The two who had been friends for years, became physical and they ended up rolling on the ground pulling and punching each other.

2

7.

Plaintiff Chadwick Thompson Jr. was not involved in the dispute between Destiny Morgan and
Plaintiff Yasmine Foster (See exhibit A Destiny Morgan's Affidavit).

8.

When Plaintiff Thompson saw what was going on between the two females, he
immediately moved over to where they were on the ground and pulled them apart.(
Plaintiff Thompson did not hit or punch Destiny Morgan while he was separating the
females.( See Plaintiffs' Exhibit A, (Destiny
Morgan's Affidavit)

9.

After Plaintiff Thompson separated the two females; he and Plaintiff Foster got their
baby and left the area.

10.

The Plaintiffs are not aware of who call the police and reported the incident between Destiny and
Yasmine.

11.

According to Defendant Streetman's incident report he was dispatched to 2565 Carterville Hwy
lot #18 at 19:21 hour on 10/7/2019.

12.

All of the witnesses that gave Defendant Streetman statements doing his investigation at the
2565 Carterville location were white.

13.

According to Defendant Streetman's incident report, he searched the area, but was unable to
locate ether Plaintiff Thompson or Plaintiff Foster.

14.

Defendant Streetman and Plaintiff Chadwick (Jun Jun) Thompson are first cousins and he knew
where Plaintiff Thompson lived. Plaintiff Thompson, Jr.' mother is white and is married to
Plaintiff Thompson's father, who is black.

3

15.                                    Defendant

Streetman is related to Plaintiff's Thompson on another level; Plaintiff Thompson's mother's
grandfather is Defendant Streetman's father's brother.

16.

Defendant Streetman knew how to find Plaintiff Thompson, Jr., because Plaintiff Thompson
lives in Defendant Streetman's family home.

17.

Defendant Streetman never like Plaintiff Thompson because his father was black and he
never had anything to do with Plaintiff Thompson's mother after she married a black man.

18.

Defendant Streetman located a Magistrate Judge that night that signed the arrest warrants on
the night of October 7, 2019.

19.

Defendant Streetman in his affidavit for the arrest warrants for the Plaintiffs, charged both
Plaintiffs with committing the offenses of 'Felony False Imprisonment and Misdemeanor
Battery'.

20.

Judge Robert E. Brooks, Jr. a magistrate judge for Polk County issued the arrest warrants for the
Plaintiffs on the night of October 7. 2019.

21.

After Defendant Streetman obtained the arrest warrants for the Plaintiffs; he showed up at
Plaintiff Thompson, Jr.'s house in the middle of the night to serve the arrest warrant.

22.

Defendant Streetman told Plaintiff Thompson's father that he had a warrant for the Plaintiffs and
had come to arrest Plaintiff Thompson. Plaintiff Thompson's father told Defendant Streetman
that Chadwick was not at home and the Defendant left.

23.

The Plaintiffs learned that Defendant Streetman had taken out warrants for their arrest. They surrendered themselves to the Polk County jail.

## THE WARRANTS' AFFIDAVIT

### 24.

Defendant Streetman prepared an application for the arrest warrant for Yasmine Foster, which read:

"Personally come Keith Streetman, who on oath, says that to the best of my knowledge and belief, Yasmine Michae Foster did, in Polk County, commit the offense of Felony, False Imprisonment. Between on October 07, 2019 at 07:00 pm to October 07, 2019 at 8:00 pm. Place of occurrence of said offense being 2565 Cartersville Hwy lot 18."

### 25.

From the face of the arrest warrant, it is evident that the warrant was issued without probable cause. The affidavit supporting the warrant states only that Defendant swears that "to the best of his knowledge and belief" Yasmine Michae Foster did commit the offense of Felony False Imprisonment" The affidavit contains neither information providing the basis for Defendant Streetman's belief nor any affirmative allegation that Defendant Streetman had personal knowledge of the alleged commission of the offense of, Felony False Imprisonment.

### 26.

Such a conclusory affidavit clearly is insufficient to establish probable cause.

### 27.

Because the affidavit contained nothing but Defendant Streetman's conclusion that Plaintiff Foster had committed the offense of Felony False Imprisonment, the magistrate judge could not possibly have conducted the independent assessment required by the fourth amendment of the probability that Plaintiff Foster committed Felony False Imprisonment.

### 28.

Defendant Streetman's application for the arrest warrant charging Yasmine Foster with committing the offense of Misdemeanor battery was crafted and sworn in the same way.

### 29.

It read:

"Personally come Keith Streetman, who on oath, says that to the best of my knowledge and belief, Yasmine Michae Foster did, in Polk County, commit the offense of Misdemeanor, Battery 16-5-23.1. Between on October 07, 2019 at 07:00 pm to October 07, 2019 at 8:00 pm. Place of occurrence of said offense being 2565 Cartersville Hwy lot 18."

30.

The application contains neither information providing the basis for Defendant Streetman's belief nor any affirmative allegation that Defendant Streetman had personal knowledge of the alleged commission of the offense of Battery.

31.

Because the affidavit contained nothing but Defendant Streetman's conclusion that Plaintiff Foster had committed the offense of Misdemeanor Battery; the magistrate judge could not possibly have conducted the independent assessment required by the fourth amendment of the probability that Plaintiff Foster committed the offense of battery.

32.

The issuance of the warrant was not supported by probable cause. However, the Judge granted the warrants; with the application lacking probable cause.


33.

Defendant Streetman took out warrants for Plaintiff Thompson, Jr.

That read:

Personally come Keith Streetman, who on oath, says that to the best of my knowledge and belief, Chadwick Thompson, Jr. did, in Polk County, commit the offense of Felony, False Imprisonment. Between on October 07, 2019 at 07:00 pm to October 07, 2019 at 8:00 pm. Place of occurrence of said offense being 2565 Cartersville Hwy lot 18."

34.

The application contained neither any information providing the basis for Defendant Streetman's belief nor any affirmative allegation that Defendant Streetman had personal knowledge of Plaintiff Thompson committing the offense of 'Felony False Imprisonment.'

35.

Because the affidavit contained nothing but Defendant Streetman's conclusion that Plaintiff
Thompson had committed the crime of Felony False Imprisonment, the magistrate could not
possibly have conducted the independent assessment required by the fourth amendment of the
probability that Plaintiff Thompson committed the offense of Felony False Imprisonment.

36.

Defendant Streetman took out a warrant for Misdemeanor battery for Plaintiff Thompson.
That read:

"Personally come Keith Streetman, who on oath, says that to the best of my knowledge and
belief, Chadwick Thompson, Jr. did, in Polk County, commit the offense of Battery 16-5-23.1.
Between on October 07, 2019 at 07:00 pm to October 07, 2019 at 8:00 pm. Place of occurrence
of said offense being 2565 Cartersville Hwy lot 18."

37

Because the affidavit contained nothing but Defendant Streetman's conclusion that Plaintiff
Thompson had committed the offense of Battery, the magistrate could not possibly have
conducted the independent assessment required by the fourth amendment of the probability that
Plaintiff Thompson committed Misdemeanor Battery.

38.

The issuance of the warrant was not supported by probable cause. However,
Magistrate Brooks issued the arrest warrants in spite of Defendant Streetman's application
lacking probable cause.

<u>PLAINTIFFS SURRENDED TO POLK COUNTY JAIL</u>

39.

Plaintiff Thompson informed Plaintiff Foster that Defendant Streetman had informed his dad that
judge Brooks had issued warrants for their arrest.

40.

The Plaintiffs decided that they would get someone to post their bonds before surrendering to
the Polk County jail.

41.

Plaintiff Thompson surrendered to the Polk County jail on October 14, 2019.

42.

When Plaintiff Thompson surrendered to the Polk County jail, he learned that he had been charged with 'Felony False Imprisonment 'and 'Misdemeanor Battery and that his bond was $4600.00.

### 43.

Plaintiff Thompson remained in the Polk County jail over night and until he was able to post bond on October 15, 2019.

### 44.

Plaintiff Foster surrendered herself into the Polk County jail on October 17, 2019.

### 45.

When Plaintiff Foster surrendered to the Polk County jail, she learned that she had been charged with Felony 'False Imprisonment and Misdemeanor Battery and her bond were $4600.00.

### 46.

Plaintiff Foster remained in the Polk County jail over night and until she was able to post bond on October 18, 2019.

### THE GRAND JURY

### 47.

The Polk County District Attorney declined to present Plaintiffs' battery cases' to the Grand Jury and dismissed Battery cases against each of the Plaintiffs.

### 48.

On June 29th 2021 the Polk County ADA requested that the criminal charges against the Plaintiffs be *NOLLE PROSEQUI.*

### 49.

The Court signed the *NOLLE PROSEQUI on* July 6, 2021.

### 50.

Both of the criminal charges filed against the Plaintiffs by Defendant Streetman were dismissed against both Plaintiffs.

### COUNT ONE

### 42 U.S.C. SEC. 1983

8

MALICIOUS PROSECUTION

AGAINST DEFENDANT STREETMAN

51.

Plaintiff re-alleges and incorporates all of the above paragraphs as if fully stated here.

52.

Under Georgia law, malicious prosecution is a claim you can make if you are the victim of a baseless civil lawsuit or criminal case.

53.

There are four factors necessary for a Plaintiff to bring a successful claim for malicious prosecution:

a. The defendant began or continued a criminal action against the Plaintiff. (Defendant Streetman)

b. Without reasonable grounds or probable cause to believe the allegations of the proceeding.(Defendant Streetman)

c. With a purpose other than simply getting a judgment in the proceeding. (The Defendants prosecuted the Plaintiff with malice).

e. The proceeding terminated in Plaintiffs 'favor.

The Grand Jury returned a 'No Bill' and the Polk County District dismissed all charges that Defendant Streetman filed against the Plaintiffs.

54.

At all times relevant to the Plaintiffs' Malicious Prosecution, the Defendant was acting under color of state law and within the scope of his discretionary functions as an employee of the Polk County Police Department.

55.

The prosecution by Defendant Streetman was malicious and continued without probable cause.

56.

The prosecution terminated in the Plaintiffs' favor;

because the District Attorney dismissed both charges against each Plaintiffs.

57.

The Plaintiffs were damaged by being caused:

a. To be falsely arrested and false imprisoned for more than 24 hours,

b. To have to hire an attorney to represent them in their malicious prosecution.

c. Each of the Plaintiffs had to pay a bond for their release from the Polk County jail in the amount of $4600.00.

58.

As a direct and proximate result of the named Defendant's unlawful actions, the Plaintiffs were illegally seized, false imprisoned for more than

24hours and subjected to criminal prosecution in violation of their rights under the Fourth Amendment of the United States Constitution.

Wherefore: Plaintiffs, demand judgment against the Defendant FOR compensatory damages in an amount of $40,000.00 each; Punitive damages in an amount of $50,000.00 each and for attorney fees and cost pursuant to 42 U.S.C. Section 1988.

## COUNT 2

### O.C.G.A 51-7-40

### STATE MALICIOUS PROSECUTION

### AGAINST DEFENDANT STREETMAN

59.

Plaintiffs re-allege and incorporate all of the above paragraphs as if fully stated here. Under Georgia law; malicious prosecution is a claim you can make if you are the victim of a baseless criminal case. There are generally four factors necessary to bring a successful claim for malicious prosecution:

a. The Defendant or organization began or continued a criminal action or legal proceeding against the Plaintiffs. Defendant Streetman caused the Plaintiffs to be prosecuted.  ,

b. Began or continued the criminal action without reasonable grounds or probable cause.

c. With a purpose other than simply getting a judgment in the proceeding. Defendant Streetman filed the charges with malice.

d. The proceeding terminated in Plaintiffs favor. The Grand Jury returned a 'No Bill' and the Polk County District Attorney dismissed all charges that Defendant filed against the Plaintiffs.

60.

10

At all times relevant to the Plaintiffs' State of Georgia Malicious Prosecution, Defendant Streetman was acting under color of state law and within the scope of his discretionary functions as an employee of the Polk County, Ga. Police Department.

61.

The criminal prosecution was terminated in the Plaintiff's favor when the Polk County dismissed the charges on both Plaintiffs.

62.

This charge was filed against the Plaintiffs with malice.

COUNT III

INTENTIONAL INFLICTION

OF EMOTIONAL DISTRESS

AS TO DEFENDANT STREETMAN

63.

Plaintiffs re-allege and incorporate all of the above paragraphs as if fully stated here. The Law requires a showing of four elements in order for plaintiffs to be able to recover for Intentional Infliction of Emotional Distress:

a. The Defendant's conduct was intentional or reckless,

b. The conduct was extreme and outrageous,

c. The conduct caused emotional distress, and

d. The emotional distress was severe.

64.

At all times relevant to the Plaintiffs' Emotion Distress claim, the named Defendant was acting under color of state law and within the scope of his discretionary functions as an employee of Polk County, Ga. Police Department.

65.

At all times relating to the Plaintiffs' arrest, Plaintiffs' booking into the Polk County jail, the Defendant filing false imprisonment and Battery charges against the Plaintiffs; the Defendant acted intentionally and reckless.

His conduct was extreme, and outrageous.

66.

At all times relating to the Plaintiffs' arrest, Plaintiffs' booking into the Polk County jail, and the Plaintiffs' false imprisonment charges; the Plaintiffs suffered that they could be sent to prison for years for crimes they had not committed because they were black and the alleged victim was white.

67.

The conduct must be the cause of the Plaintiff's damages

All of the damages suffered by the Plaintiffs resulted from the false charges, illegal arrest, false imprisonment and the Malicious Prosecution caused by Defendant Streetman.

68.

The Plaintiff's damages have resulted into severe Emotional Distress. Both of the Plaintiffs are afraid of the police now because they feel that the police can arrest blacks whenever they want and charge them with any crime they want.

Wherefore: Each Plaintiff, demands judgment against the Defendant for compensatory damages in an amount of$50,000.00.and for attorney fees and cost.

## COUNT IV

## PUNITIVE DAMAGES

## OCGA 51-12-5.1

## AGAINST DEFENDANT STREETMAN

69.

All the foregoing paragraphs of the Plaintiffs' complaint are incorporated herein and made a part hereof as if again set forth in full.

70.

At all times relative to the Defendant's conduct, there was clear and convincing evidence that the Plaintiffs had not committed the offenses the Defendant charged them with having committed. This Defendant actions showed willful misconduct, malice, fraud, wantonness or the entire want of care which rises to the presumption of conscious indifference to welfare of the Plaintiffs and the consequence.

71.

As a direct proximate cause of the negligence actions asserted against the Plaintiff by this Defendant; the Plaintiffs suffered and continues to suffer compensable damages, including but not limited to mental and emotional pain and suffering.

WHEREFORE: Plaintiff demands judgment against this Defendant for punitive damages in an amount of $100,000.00 to deter him from similar conduct in the future.

WHEREFORE: Plaintiffs demands as follows:

1. Compensatory damages against the Defendant and for the Plaintiffs which are set out in the Plaintiffs' complaint;

2. Punitive damages against the Defendant and for the Plaintiffs in an amount that will sufficiently deter and punish this Defendant from committing similar acts in the future;

3. Trial by jury on all issues;

4. Plaintiffs be awarded the costs expended herein, including reasonable attorney's fees;

5. Plaintiffs may be granted leave to amend their complaint; and

6. That the Plaintiffs be awarded other relief as the Court deems fair and just.

This 19th day of April, 2022

Respectfully submitted,

/s/ C. Victor Long
C. VICTOR LONG Bar No.:456950
for the Plaintiff

Post Office Box 310928
Atlanta, Ga. 30331
404-349-4303ph
attjud@bellsouth.net

3036 Woodrow Drive
Lithonia, Ga.30038
678-464-4618ph
kkmason@yahoo.com

/s/ Kamau K. Mason
Kamau K Mason Bar No.: 823438

for Plaintiffs

13

## SUPERIOR COURT OF POLK COUNTY
## STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA

**SUCV2022000310**
MHM
MAY 03, 2022 04:22 PM

*Stacie M. Baines*
Stacie M. Baines , Clerk
Polk County, Georgia

CIVIL ACTION NUMBER  SUCV2022000310

FOSTER, YASMINE
THOMPSON, JR. , CHADWICK

-------------------------------------
**PLAINTIFF**

**VS.**

Streetman / Individual , Danny Keith
Streetman Professional Polk County Police ,
Danny Keith
DOE, JOHN

-------------------------------------
**DEFENDANTS**

### SUMMONS
TO: STREETMAN / INDIVIDUAL , DANNY KEITH

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Kamau Mason**
**The Law Offices of Kamau K. Mason & Associates**
**3036 Woodrow Drive**
**Lithonia , Georgia 30038**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of May, 2022.**

Clerk of Superior Court

*Stacie M. Baines*
Stacie M. Baines , Clerk
Polk County, Georgia

IN THE SUPERIOR COURT OF POLK COUNTY

STATE OF GEORGIA

YASMINE FOSTER

CHADWICK THOMPSON JR.                    CIVIL ACTION FILE

    Plaintiffs,                                      No.:_____

      vs.                                          )

                               )

DANNY KEITH STREETMAN in his         )

capacity as a of POLK COUNTY, GA. police )

officer and Individually,                          )

           Defendant                          )

PLAINTIFFS'FIRST INTERROGATORIES TO
DEFENDANT STREETMAN

1. Please list the following for the person who called you and or called your place of employment or your vehicle phone and reported that the Plaintiffs had been in a fight with Destiny Morgan;

    a. The name

    b. address

    c. Age

    d. Race

2. Please state your location when you received the request to report to Cartersville Rd. Lot 34

3. Please list the name or names of the person or persons that told you that the Plaintiffs falsely imprisoned Destiny Morgan.

14

4. Please list the following for each person you took a statement from during your investigation of the incident between Destiny Morgan and the Plaintiffs.

   a. Name

   b. Address

   c. Race

   d. Where you were when you took each witness statement?

   e. Who was/were with the witness when you took their statement?

5. Please answer the following questions about the witnesses.

   a. What did each witness tell you that caused the dispute between the Plaintiffs Yasmine Foster and Destiny Morgan?

   b. What did each witness tell you about how or what case the fight between the two females to end.

6. Please name each person that you know that was at the incident location during the time the Plaintiffs falsely imprisoned Destiny Morgan?

   a. Please name each male that was present when the Plaintiffs Falsely imprisoned Destiny Morgan?

   b. Please name each female was present when the Plaintiffs falsely imprisoned Destiny Morgan?

7. Give the following information for each person who witnessed the Plaintiffs falsely imprisoned Destiny Morgan:

   a. Name

   b. Date you received the information from the witness.

   c. Race of the witness.

   d. Where were you when you took the information?

8. Please state your relationship to Plaintiff Chadwick Thompson.

15

9. Please explain in full detail when you put in your affidavit for the arrest warrant for Yasmine Foster, "to the best of his knowledge and belief, did commit the offense of Felony False Imprisonment". Where did you get the knowledge and belief from?

10.Please explain in full detail when you put in your affidavit for the arrest warrant for Chadwick Thompson,Jr. "to the best of his knowledge and belief, did commit the offense of Felony False Imprisonment". Where did you get the knowledge and belief from?

11. Please explain exactly where you went looking for Plaintiff Chadwick Thompson, Jr. on October 7, 2019 during your investigation of the incident between Destiny Morgan and the Plaintiffs?

12. Please explain exactly where you went to serve Chadwick Thompson, to serve him with the arrest warrant on October 7/8, 2019 after the arrest warrant was issued by judge Brooks?

13. Please explain how Plaintiff's Thompson's mother is related to you.

14. Please list your employment status on October 07, 2019 when you obtained the arrest warrant for the Plaintiff.

15. Please provide the following for your employment on October 7, 2019.

    a. Who were you employed by?

    b. How long had you been employed by your October 7, 2019 employer?

    c. At the time you made your affidavit for the arrest warrant for the Plaintiffs were you on duty for your employer?

    d. At the time you made the affidavit for the arrest warrant for Plaintiffs were you covered under your employer's liability insurance?

    e. What was your Weekly, Monthly or annual salary on October 7, 2019?

    f. Please list each citizen complaint filed against you while you were employed for Polk County Police Department.

16. Please provide the following for your employer's liability insurance.

    a. Name of the insurance company.

    b. Agent's name.

    c. Agent's telephone number

    d. Policy number

17. Please provide the following for your present employment:

    a. Name of employer.

    b. Address of employer.

    c. Type of work you perform?

    D. Date of employment.

This 19th day of April, 2022

Respectfully submitted,

/s/ C. Victor Long

C. VICTOR LONG Bar No.:456950

for the Plaintiff

Post Office Box 310928
Atlanta, Ga. 30331
404-349-4303ph
attjud@bellsouth.net

3036 Woodrow Drive

/s/ Kamau K. Mason

Lithonia, Ga.30038

Kamau K Mason 823438

678-464-4618ph

kkmason@yahoo.com

for Plaintiffs

17

IN THE SUPERIOR COURT OF POLK COUNTY
STATE OF GEORGIA

YASMINE FOSTER

CHADWICK THOMPSON JR.                    CIVIL ACTION FILE

    Plaintiffs,                              No.:_____

       vs.                                )

                                  )

DANNY KEITH STREETMAN in his              )

capacity as a of POLK COUNTY, GA. police  )

officer and Individually, and             )

Defendant                                 )

                                  )

_____

## PLAINTIFFS' REQUEST FOR PRODUCTION
## OF DOCUMENTS

1. Please provide to the Plaintiffs a copy of your application for employment with Polk County.

2. Please provide to the Plaintiffs a copy of your separation documents when you separated from Polk County.

3. Please provide to the Plaintiffs a complete copy of the insurance you were covered by on October 7, 2019.

4. Please provide to the Plaintiffs a copy of a pay stub of your earnings during the last three months you were employed with Polk County Police Department.

This 19th day of April, 2022
Respectfully submitted,

/s/ C. Victor Long
C. VICTOR LONG Bar No.:456950
for the Plaintiff

Post Office Box 310928
Atlanta, Ga. 30331
404-349-4303ph
attjud@bellsouth.net

3036 Woodrow Drive
Lithonia, Ga.30038
678-464-4618ph
kkmason@yahoo.com

/s/ Kamau K. Mason
Kamau K Mason 823438

for Plaintiffs

19