EFILED IN OFFICE
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA

**SUCV2022000310**
MHM
JUL 02, 2022 04:10 PM

Stacie M. Baines, Clerk
Polk County, Georgia

IN THE SUPERIOR COURT OF POLK COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YASMINE FOSTER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | SUCV2022-000310 |
| | ) | |
| DANNY KEITH STREETMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

COME NOW DEFENDANTS STREETMAN and POLK COUNTY, GEORGIA, Defendants in the above matter, and file their Answer to Plaintiffs' Complaint (the "Complaint").

### FIRST DEFENSE

Plaintiffs' Complaint, and each and every paragraph set forth therein, fails to state or set forth claims against this Defendant upon which relief may be granted.

### SECOND DEFENSE

For their second defense, Defendants answer and respond to the numbered sections and paragraphs of Plaintiffs' Complaint as follows:

ANSWER TO "PRELIMINARY STATEMENT"

Defendants admit that Plaintiffs seek the relief under the authorities detailed in this paragraph, but deny that Plaintiffs are entitled to any relief whatsoever from

any Defendant. Defendants deny the remaining allegations in this paragraph.

1. Defendants do not challenge subject matter jurisdiction or proper venue.

## PARTIES

2. Defendants admit the allegations in this paragraph.

3. Defendants admit the allegations in this paragraph.

4. Defendants admit the allegations in this paragraph, except to the extent of any allegation that any Defendant "injured" any Plaintiff.

## ANSWER TO "FACTS"

5. Defendants admit that on the date that Plaintiffs assaulted Destiny Morgan they were at the referenced address for some reason. Defendants lack sufficient information to admit or deny the remaining allegations.

6. Defendants admit that Plaintiff Foster punched Destiny Morgan while she was on the ground. Defendants lack sufficient information to admit or deny the remaining allegations.

7. Defendants deny the allegations in this paragraph.

8. Defendants deny the allegations in this paragraph.

9. Defendants admit that Plaintiffs left the scene before police officers arrived. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

10. Defendants lack sufficient information to admit or deny the allegations in

this paragraph.

11. Defendants admit the allegations in this paragraph.

12. Defendants lack sufficient information and recollection to admit or deny the allegations in this paragraph.

13. Defendants admit the allegations in this paragraph.

14. Defendants lack sufficient information and knowledge to admit or deny the allegations in this paragraph.

15. Defendants lack sufficient information and knowledge to admit or deny the allegations in this paragraph.

16. Defendants deny the allegations in this paragraph.

17. Defendants deny the allegations in this paragraph.

18. Defendants admit the allegations in this paragraph.

19. Defendants admit that both Plaintiffs were charged under warrants for the stated crimes. Defendants deny the remaining allegations in the form and manner alleged.

20. Defendants admit the allegations in this paragraph.

21. Defendants lack sufficient information and recollection to admit or deny the allegations in this paragraph.

22. Defendants lack sufficient information and recollection to admit or deny the allegations in this paragraph.

23. Defendants lack sufficient information and recollection to admit or deny the allegations in this paragraph.

24. Defendants show that the warrant affidavit in question stated as follows:

> Personally came Keith Streetman, who on oath says that, to the best of his knowledge and belief, Yasmine Michae Foster did, in Polk County, commit the offense of Felony, False Imprisonment. Between on October 07, 2019 at 07:00 PM to October 07, 2019 at 08:00 PM. The place of occurrence of said offense being 2565 Cartersville Hwy lot 18.
>
> Said offense being described as of 16-5-41 Felony, False Imprisonment, 1 Count
>
> Yasmine did commit the above offense when she detained Destiny Morgan without legal authority and held her on the ground while punching her.
>
> and this affiant makes this affidavit that a warrant may issue for his/her arrest.
> Sworn to and subscribed before me this the 07th day of October 2019

Defendants deny all remaining allegations in this paragraph.

25. Defendants admit that Defendant Streetman did not claim personal knowledge. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

26. Defendants deny the allegations in this paragraph.

27. Defendants deny the allegations in this paragraph.

28. Defendants deny the allegations in this paragraph.

29. Defendants show that the warrant affidavit in question stated as follows:

> Personally came Keith Streetman, who on oath says that, to the best of his knowledge and belief, Yasmine Michae Foster did, in Polk County, commit the offense of Misdemeanor, Battery. Between on October 07, 2019 at 07:00 PM to October 07, 2019 at 08:00 PM. The place of occurrence of said offense being 2565 Cartersvile Hwy lot 18.
>
> Said offense being described as of 16-5-23.1 Misdemeanor, Battery, 1 Count
>
> Yasmine did commit the above offense when she intentionally cause substantial (physical harm) or (visible bodily harm) to Destiny Morgan by which resulted in a cut over Destiny's left eye.
>
> and this affiant makes this affidavit that a warrant may issue for his/her arrest.
> Sworn to and subscribed before me this the 07th day of October 2019

Defendants deny all remaining allegations in this paragraph.

30. Defendants admit that Defendant Streetman did not claim personal knowledge. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

31. Defendants deny the allegations in this paragraph.

32. Defendants admit that the magistrate judge issued the warrant. Defendants deny the remaining allegation in this paragraph.

33. Defendants show that the warrant affidavit in question stated as follows:

> Personally came Keith Streetman, who on oath says that, to the best of his knowledge and belief, Chadwick J Thompson jr did, in Polk County, commit the offense of Felony, False Imprisonment. Between on October 07, 2019 at 07:00 PM to October 07, 2019 at 08:00 PM. The place of occurrence of said offense being 2565 Cartersville Hwy lot 18.
>
> Said offense being described as of 16-5-41 Felony, False Imprisonment, 1 Count
>
> Chadwick did commit the above offense when he detained Destiny Morgan without legal authority by holding her on the ground and punching her.
>
> and this affiant makes this affidavit that a warrant may issue for his/her arrest.
> Sworn to and subscribed before me this the 07th day of October 2019

>   Defendants deny all remaining allegations in this paragraph.

34. Defendants admit that Defendant Streetman did not claim personal knowledge. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

35. Defendants deny the allegations in this paragraph.

36. Defendants show that the warrant affidavit in question stated as follows:

>   Personally came Keith Streetman, who on oath says that, to the best of his knowledge and belief, Chadwick J Thompson jr did, in Polk County, commit the offense of Misdemeanor, Battery. Between on October 07, 2019 at 07:00 PM to October 07, 2019 at 08:00 PM. The place of occurrence of said offense being 2565 Cartersville Hwy lot 18.
>
>   Said offense being described as of 16-5-23.1 Misdemeanor, Battery, 1 Count
>
>   Chadwick did commit the above offense when he intentionally cause substantial (physical harm) or (visible bodily harm) to Destiny Morgan by punching her in the face causing a cut over the left eye.
>
>   and this affiant makes this affidavit that a warrant may issue for his/her arrest.
>   Sworn to and subscribed before me this the 07th day of October 2019

>   Defendants deny all remaining allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants admit that the magistrate judge issued the warrant. Defendants deny the remaining allegation in this paragraph.

39. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

40. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

41. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

42. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

43. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

44. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

45. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

46. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

47. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

48. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

49. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

50. Defendants admit the allegations in this paragraph.

## ANSWER TO "COUNT 1"

51. Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 50 of the Complaint.

52. Defendants deny the allegations in this paragraph in the form and manner alleged.

53. Defendants admit that dismissal of the charges counts as termination in Plaintiffs' favor. Defendants deny the remaining allegations in this paragraph.

54. Defendants admit that Defendant Streetman acted under color of state law and within the scope of his discretionary duties as a Polk County Police officer. Defendants deny the remaining allegations in this paragraph.

55. Defendants deny the allegations in this paragraph.

56. Defendants admit the allegations in this paragraph.

57. Defendants deny that any Defendant proximately caused any recoverable damages by any Plaintiff, and deny the specific allegations in this paragraph in the form and manner alleged.

58. Defendants deny the allegations in this paragraph.

## ANSWER TO "COUNT 2"

59. Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 58 of the Complaint. Defendants admit that dismissal of the charges counts as termination in Plaintiffs' favor. Defendants deny the remaining allegations in this paragraph.

60. Defendants admit that Defendant Streetman acted under color of state law and within the scope of his discretionary duties as a Polk County Police officer. Defendants deny the remaining allegations in this paragraph.

61. Defendants admit the allegations in this paragraph.

62. Defendants deny the allegations in this paragraph.

## ANSWER TO "COUNT 3"

63. Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 62 of the Complaint. Defendants agree that in general terms the legal elements of the "Intentional Infliction of Emotional Distress" cause of action are as stated in this paragraph. Defendants deny any allegations against them.

64. Defendants admit that Defendant Streetman acted under color of state law and within the scope of his discretionary duties as a Polk County Police officer. Defendants deny the remaining allegations in this paragraph.

65. Defendants deny the allegations in this paragraph.

66. Defendants deny the allegations in this paragraph.

67. Defendants deny the allegations in this paragraph.

68. Defendants deny the allegations in this paragraph.

## ANSWER TO "COUNT 4"

69. Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 68 of the Complaint.

70. Defendants deny the allegations in this paragraph.

71. Defendants deny the allegations in this paragraph.

72. Defendants deny all allegations not specifically admitted in this answer.

## **THIRD DEFENSE**

Qualified immunity protects Defendant Streetman from any federal money damages claims brought pursuant to 42 U.S.C. § 1983 because, at all times relevant hereto, Defendant performed objectively reasonable, discretionary acts within the course and scope of his duties as a public officer.

## **FOURTH DEFENSE**

Defendant Streetman's pertinent acts or omissions were legally authorized, justified and privileged under controlling law.

## FIFTH DEFENSE

Defendant Streetman is protected by official immunity from any state law tort claim raised in the Complaint.

## SIXTH DEFENSE

Persons other than Defendants caused caused or contributed to Plaintiffs' claimed damages.

## SEVENTH DEFENSE

Defendants are not liable because they did not breach any duty owed to Plaintiffs in regard to the incident(s) giving rise to the Complaint.

## EIGHTH DEFENSE

The Fourteenth Amendment's due process clause limits punitive damages, and Defendants hereby invoke Georgia law's cap on punitive damages, as well as all other limitations and requirements provided under controlling law.

## NINTH DEFENSE

Defendant Streetman acted in good faith and without malice or intent to violate any relevant legal right, and his actions were reasonable under the circumstances.

## TENTH DEFENSE

Any damages claimed by a Plaintiff should be reduced to the extent that such Plaintiff failed to mitigate damages.

## ELEVENTH DEFENSE

Sovereign immunity bars any state law claim against Defendant Polk County, *i.e.*, Defendant Streetman in his "official capacity."

## TWELTH DEFENSE

Defendant Polk County, Georgia cannot be liable because no specific County policy or practice caused a constitutional deprivation.

## THIRTEENTH DEFENSE

Defendant Polk County, Georgia cannot be liable for punitive damages.

WHEREFORE, having fully answered, Defendants pray that judgment be entered in their favor and against the Plaintiffs, that Plaintiffs take nothing, and that Defendants be awarded attorney's fees and costs incurred in defending this action.

**TRIAL BY JURY IS DEMANDED.**

                                              WILLIAMS, MORRIS & WAYMIRE, LLC

                                              /s/ *Jason Waymire*
                                              TERRY E. WILLIAMS
                                              Georgia Bar No. 764330
                                              JASON WAYMIRE
                                              Georgia Bar No. 742602
                                              Attorneys for Defendants

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
678-541-0790
678-541-0789
jason@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ANSWER AND DEFENSES on all parties via statutory electronic service as follows:

C. Victor Long<br>
attjud@bellsouth.net<br>
Kamau K. Mason<br>
kkmason@yahoo.com

This 2 day of July, 2022.

                                            WILLIAMS, MORRIS & WAYMIRE, LLC

                                            /s/ Jason Waymire  
                                            JASON WAYMIRE  
                                            Georgia Bar No. 742602  
                                            Attorney for Defendants

Bldg. 400, Suite A  
4330 South Lee Street  
Buford, GA 30518  
678-541-0790  
678-541-0789